UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SALLY MACFADDEN,            Case No.:

        Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

A Foreign Corporation,

        Defendant.

## COMPLAINT

The Plaintiff, Sally Macfadden, by and through undersigned counsel, hereby files this Complaint against LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA)", and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contracts between the parties took place.

4. At all times material hereto, Plaintiff was covered under policies of short-term disability insurance and long-term disability insurance issued and administered by Defendant LINA as part of an employee welfare benefit plan sponsored by Plaintiff's employer, which provided short-term disability insurance and long-term disability insurance benefits as well as other valuable benefits. A copy of the policies at issue is attached hereto as Composite Exhibit "A."

5. Defendant LINA is a foreign corporation conducting insurance business in Seminole County, Florida.

6. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) and the polices of insurance which fund these benefits were issued and administered by LINA as a fiduciary of the employee benefits plan established by Plaintiff's employer at the time Plaintiff's benefits were denied and which may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

7. Defendant LINA made the final decisions to deny benefits under the policies of insurance it owned and administered and bears the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between duties to the plaintiff as an ERISA fiduciary and duties to shareholders as a for-profit corporation under federal law.

8. Defendant LINA's decisions to deny benefits were substantially

2

influenced by its conflict of interest.

9. Defendant LINA failed to apply the provisions of the insurance policy at issue consistently with respect to similarly situated claimants.

10. Defendant LINA's notices of denial failed to comply with 29 C.F.R. § 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12. Defendant LINA failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, by failing to provide a copy of same to Plaintiff, and by failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 C.F.R. 2560.503-1(j).

12. In addition, Defendant LINA has failed and refused to comply with the provisions of 29 C.F.R. 2560.503-1(b), 29 C.F.R. 2560.503-1(f), 29 C.F.R. 2560.503-1(g), 29 C.F.R. 2560.503-1(h), and 29 C.F.R. 2560.503-1(I) in its administration of Plaintiff's claim.

13. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

## COUNT ONE
## Action to Recover Plan Benefits
## Pursuant to 29 U.S.C. §1132 (a)(1)(B)
## Against LINA

14. Plaintiff reaffirms and reavers paragraphs 1 through 13 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

15. Plaintiff was and is "disabled," as the term was defined in the short-term disability insurance policy at issue at all times material hereto.

16. Defendant LINA has failed and refused to pay the Plaintiff sums due pursuant to the short-term disability insurance policy at all times material hereto.

17. Defendant LINA has also subjected the Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. 2560.503-1 and has denied benefits under the terms of the plan.

18. Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

19. Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff Sally MacFadden prays for relief from Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA for benefits due pursuant to the contract of short-term disability insurance policy at issue pursuant to 29 U.S.C. § 1132(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

**COUNT TWO**
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against LINA**

20.     Plaintiff reaffirms and reavers paragraphs 1 through 13 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

21.     Plaintiff was and is "disabled," as the term was defined in the short-term disability insurance policy at issue at all times material hereto.

22.     Defendant LINA has failed and refused to pay the Plaintiff sums due pursuant to the short-term disability insurance policy at all times material hereto.

23.     Defendant LINA has also subjected the Plaintiff to an unreasonable claims process pursuant to 29 C.F.R. 2560.503-1 and has denied benefits under the terms of the plan.

24.     Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

25.     Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff Sally MacFadden prays for relief from Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA for benefits due pursuant to the contract of long-term disability insurance policy at issue pursuant to 29 U.S.C. § 1132(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ W S Coffman

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff